■ In the Matter of the Estate of SUMNER W. TAYLOR, Deceased. ROBERT W. TAYLOR, as Successor Executor of SUMNER W. TAYLOR, Deceased, Appellant; PAUL G. REILLY et al., Respondents. — Appeal by the successor executor from so much of an order of the Surrogate's Court, Queens County, dated February 5, 1968, as deferred delivery of the estate's assets to him until the proceeding to settle the account of the deceased executrix. Order affirmed insofar as appealed from, with $50 costs and disbursements to appellant against respondent Paul G. Reilly personally; said respondent (executor of the estate of the deceased executrix) is directed to forthwith file an account on behalf of the deceased executrix and petition for its judicial settlement; and the matter is remitted to the Surrogate's Court for further proceedings consistent herewith. In view of the peremptory direction herein to respondent Paul G. Reilly, we deem it advisable to permit the deferring of delivery of the estate's assets and records until the accounting proceeding. The Surrogate will be in a better position, in the light of the delay occasioned by the accountant, to fix the reasonable compensation due the fiduciary of the deceased executrix for services rendered by the latter to the subject estate. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ ROOSEVELT JACKSON et al., Respondents, v. JAMES TRAPIER, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County, entered December 26, 1967 in favor of plaintiffs on the issue of liability, upon the trial court's decision setting aside a jury verdict for defendant and directing entry of such judgment, pursuant to CPLR 4404 (subd. [a]). Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, with costs to appellant to abide the event. In our view, the trial court erred in directing the entry of judgment in favor of plaintiffs as a matter of law. We conclude, however, that the verdict returned by the jury was against the weight of the evidence and that the interests of justice require a new trial. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ HAROLD S. KELLER, Appellant, v. ARNOLD P. SALTHAMMER, Respondent. — Judgment of the Supreme Court, Kings County, entered May 5, 1966 in favor of plaintiff upon a jury verdict, reversed, on the law and the facts, with costs to plaintiff, and new trial granted only on the issue of damages. On the uncontradicted proof in the record, we are of the opinion that the amount of the verdict was clearly inadequate (cf. *Jensen* v. *Casale,* 22 A D 2d 994). In view of that conclusion, we do not reach the other contentions advanced by plaintiff. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.